Dr. Robert C. Harder Secretary Department of Health and Environment Landon State Office Bldg., 9th Floor Topeka, Kansas 66612
Dear Dr. Harder:
As secretary of the Kansas department of health and environment (KDHE), you ask several questions regarding chapter 214 of the 1993 Session Laws as it relates to the duties of district coroners.
During the 1993 legislative session, K.S.A. 1992 Supp. 22a-231 was amended to provide that "the coroner or deputy coroner of the county in which the cause of death occurred, if known, or if not known the coroner or deputy coroner of the county in which such dead body was found, shall be notified" of certain deaths. (Emphasis added). K.S.A. 1992 Supp.22a-231, as amended by L. 1993, ch. 214, sec. 6. Prior language required that the coroner or deputy coroner in the county in which the death
occurred be notified.
Based on this change you ask whether the coroner of the county in which the death occurred would have jurisdiction if the cause of death occurred outside the boundaries of Kansas and the notification was given under K.S.A. 1992 Supp. 22a-231, as amended. Additionally, you ask "if the cause of death occurs in Kansas and the person dies or is pronounced dead in another state, whose law applies?"
 "By this statement it is meant that legislative enactments can only operate, proprio vigore, upon persons and things within the territorial jurisdiction of the lawmaking power, and that no law has any effect, of its own force, beyond the territorial limits of the sovereignty from which its authority is derived. Thus, the general rule is that no state or nation can, by its laws, directly affect, bind, or operate upon property or persons beyond its territorial jurisdiction." 73 Am.Jur.2d Statutes sec. 357 (1974).
Because statutes enacted in Kansas can only control the actions of persons within its boundaries or who have certain connections to the state, the coroners in other states would not be bound to comply with our requirements. Even though the statutes do not address the issue of a death which was caused in Kansas but which occurred outside the state, there does not appear to be any statute which would prohibit the coroner of the county in which the cause of death occurred from having jurisdiction over such matters for purposes of certifying the death in this state unless the other state's law would preclude such involvement.
While we recognize that the legislature did not explicitly spell out what is to happen in this circumstance, the "purpose and intent of legislature governs when that intent can be ascertained from the statute, even though words, phrases, or clauses at some place in the statute must be omitted or inserted." State, ex rel. Ludwick v. JohnsonCounty, 233 Kan. 79 (1983). Until the legislature clarifies this, we believe the coroner of the county in which the cause of death occurred may assume jurisdiction of the body upon receipt of proper notice, if such action does not violate the other state's laws.
You also ask about section 17 of chapter 214, regarding the district coroner's fund. New language was enacted to require that "all
outstanding death certificates for the calendar year [must be] filed with the state registrar and such certificate contains (sic) the cause of death," before money in the district coroner's fund can be expended to the county general fund. (Emphasis added). You state that KDHE anticipated that counties "may challenge [the department] when [it] refuse[s] to authorize payment because there are certificates outstanding that may not fall within the coroner's jurisdiction."
This particular language was added during the 1993 legislative session as a new section in an attempt to assist with the problem of funding coroners' salaries (Minutes of the House Committee on Judiciary, 2-18-93) and the timely filing of all death certificates (Testimony by Dr. Lorne A. Phillips, State Registrar, Kansas Department of Health and Environment, 1-27-93). Currently, K.S.A. 65-2412(a), as amended by L. 1993, ch. 214, sec. 9, requires death certificates to "be filed with the state registrar within three days after such death." "In every instance a certificate shall be filed prior to interment or disposal of the body." K.S.A. 65-2412(d), as amended by L. 1993, ch. 214, sec. 9.
The state registrar testified that these certificates need to be timely filed so that the information can be used to fulfill Kansas' agreement with the national center for health statistics and so that families are able to obtain insurance benefits, close accounts, etc. (Dr. Phillips' testimony before the House Judiciary Committee, 1-27-93). "Statements by others responsible for preparation of the bill are accorded deference."State of Kansas, ex rel., Stephan v. Adams, 608 F.2d 861, 866 (1979).
Therefore, based on the fact that all death certificates are to be filed within a 3 day period while allowing that the coroner may file a certification of the cause of death as pending so as to allow more time to make such a determination, pursuant to K.S.A. 65-2414 (L. 1993, ch. 214, sec. 10), we opine that when the legislature used the phrase "all outstanding death certificates" they meant all certificates. This opinion is supported by the rule that "if the legislature revises existing law, it is presumed that the legislature intended to change law as it existed before amendment." Hughes v. Inland Container Corp., 247 Kan. 407
(1990). Furthermore, if a "statute is clear and unambiguous, [the] court must give effect to expressed legislative intent without regard to what [the] court thinks the law should be or should not be." Mark TwainKansas City Bank v. Kroh Bros. Development Co., 14 Kan. App. 2d 714
(1990).
Next, you ask: "Does the Office of Vital Statistics have an obligation to notify the coroner of a death when the certificate was signed by aphysician other than a coroner or deputy coroner and the cause of death, according to the World Health Organization (W.H.O.) coding rules, seems to be due to a condition other than natural even if the manner of deathhas been marked natural. For example, a physician may indicate natural for the manner of death and indicate the underlying cause of death as aspiration. Aspiration, if not due to a disease condition, is considered accidental. (However, the aspiration could be natural if it relates to a disease condition.) Another example is a death certificate marked natural but the cause of death indicates drowning (this is an extreme example, but realistic)." (Emphasis added).
You state that currently the office of vital statistics sends such certificates "to the coroner even though the physician has completed the certificate and since we are not in a position to know the difference, unless noted on the certificate, we send all such certificates to the coroner even those that are due to aspiration that is related to a disease condition. Is it our responsibility, because of the way the statute is written ('. . . .by any other person'), to question the matter or is it the responsibility of the physician to refer or not refer the matter to the coroner?"
K.S.A. 65-2416(b), as amended by L. 1993, ch. 214, sec. 11, states:
 "[F]or deaths occurring on and after the effective date of this act, the state registrar shall not certify a death certificate in which the manner of death is marked other than natural unless the death certificate is signed by a district coroner."
This statute is coupled with the requirement that:
 "[t]he coroner or deputy coroner of the county in which the cause of death occurred, if known, or if not known, the coroner or deputy coroner of the county in which such dead body was found, shall be notified by the physician in attendance, by any law enforcement officer by the embalmer, by any other person who is or may in the future be required to notify the coroner or by any other person." K.S.A. 1992 Supp. 22a-231, as amended by L. 1993, ch. 214, sec. 6.
According to K.S.A. 65-2416(b) the registrar has no duty to investigate the validity of whether someone died from natural causes. The crux of the question is based on the phrase in K.S.A. 1992 Supp. 22a-231, as amended by L. 1993, ch. 214, sec. 6. The legislative history is silent as to the purpose the phrase "or by any other person" was to accomplish. Based on research of the powers and duties of the state registrar and the office of vital statistics, we can find no authority for the office to send a death certificate to the coroner if the death is marked as natural. We can understand the dilemma caused by receipt of a death certificate that states that the death was natural, but describes the cause as a condition which is not natural according to the world health organization coding rules. However, it appears that the duty is on the physician in such instances to decide whether or not to refer such matter to the coroner.
Your final two questions are, "if a county or judicial district does not have a coroner to sign the death certificate, who can sign the death certificate? [Also], if a death certificate cannot be signed by a coroner as provided for by K.S.A. 65-2416(b), can it be issued?"
The legislature in 1993 amended K.S.A. 65-2416(b), L. 1993, ch. 214, sec. 11, to read as follows:
 "For deaths occurring on and after the effective date of this act, the state registrar shall not certify a death certificate in which the manner of death is marked other than natural unless the death certificate is signed by a district coroner."
K.S.A. 22a-226, L. 1993, ch. 214, sec. 2 establishes that there shall be "the office of district coroner in each judicial district." This provision of the statute has been the same since 1980 and was not changed during the 1993 legislative session.
Since K.S.A. 65-2416(b), as amended, directs "the state registrar shall not certify a death certificate in which the manner of death is marked other than natural unless the death certificate is signed by a district coroner," we opine that only a coroner can sign a death certificate if the cause of death is other than natural. Furthermore, the state registrar can only certify such certificate if it is signed by a coroner. If a judicial district does not have a coroner that district will need to contract the services of another district coroner.
On two separate occasions, Anne Smith of the Kansas Association of Counties, testified that the bill would allow a coroner to be appointed in more than one judicial district (Minutes, House Committee on Judiciary, 2-18-93; Senate Committee on Judiciary, 3-18-93) and Chairman O'Neal "called the committees' attention to the Kansas Association of Counties memo [2-18-93]." Minutes, House Committee on Judiciary, 2-18-93. Therefore, it was brought to the legislature's attention that there could be a problem of not having a coroner for each judicial district and that sharing a coroner was an option.
In conclusion, we opine that coroners in other states are not bound to comply with Kansas statutes and that the laws of that state would govern deaths occurring in its boundaries. Section 17 of chapter 214 of the 1993 Session Laws requires all outstanding death certificates from the previous calendar year to be filed with the state registrar, stating the cause of death, before the money in the district coroner's fund can be expended to the county general fund. The office of vital statistics does not have the authority or responsibility to send a death certificate to the coroner for signature if the death is marked as natural. Finally, only a coroner can sign a death certificate if the manner of death is other than natural and the state registrar can only certify such certificate if it is signed by a coroner.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Jane Stattelman Assistant Attorney General
RTS:JLM:MJS:bas